UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KAREN McGAULEY, | ) | |
| | ) | |
| Petitioner, | ) | CRIMINAL NO. |
| | ) | 98-10047-DPW |
| v. | ) | |
| | ) | CIVIL ACTION NO. |
| UNITED STATES OF AMERICA, | ) | 03-10406-DPW |
| | ) | |
| Respondent. | ) | |

MEMORANDUM & ORDER
March 28, 2016

It has come to my attention that this motion under 28 U.S.C. §. 2255, to vacate, set aside or correct an aspect of the criminal conviction of an individual whose rocky period of supervised release ended in 2008[1] remains pending on my docket.  Originally at issue was whether there had been a conflict of interest on the part of the petitioner's trial counsel sufficient to justify vacating the money laundering counts of which she was convicted.  I later entertained her motion to amend her petition to allege that the money laundering charges were required to be dismissed as a result of the decision of the Supreme Court in *Santos* v. *United States*, 5553 U.S. 507 (2008).  While the instant motion — even if granted —  would not cause me to change the sentence I imposed in

---

[1] The petitioner did not do particularly well while on supervised release.  Her supervision was revoked twice for violation of her terms and conditions.  I am informed by Probation that in 2009 — the year following conclusion of her supervised release violation — she was twice found guilty of shoplifting and that in 2012 she was found guilty of another shoplifting charge.

light of the other crimes of conviction, it appears appropriate to bring finality to the petitioner's criminal case in all its dimensions by disposing of this long outstanding 2255 petition.  After full review of the underlying submissions of the parties, including the live testimony I took, I will deny the motion and direct the Clerk to enter final judgment for the Respondent in this matter.

With respect to the claim of conflict of interest which was at the heart of the motion when first filed, my disposition turns in large part on Ms. McCauley's credibility — or more accurately stated — her lack of credibility.  I did not find her credible as to the operative facts regarding the motion.  Her tendency toward fraud and misrepresentation was long standing and her relation with truth in confronting her own fraudulent activity only incidental.  This approach on her part was amply set forth in the decision of the United States Court of Appeals affirming her convictions, *United* States v. McGauley, 275 F.3d 63 (Ist Cir. 2002), for various federal criminal violations arising from her scheme of defrauding retail stores by stealing merchandise and returning it for refunds.  That approach was also evident in this proceeding.

At bottom, she alleged that in discussions with her about representation in defense of criminal charges, her trial and then appellate attorney, Jeremiah Sullivan, manipulated her into the financial transactions which became the basis for her money laundering convictions and thereby made untenable his ability to attack the government's case without exposing himself.  I credit Mr. Sullivan's testimony that he did not counsel Ms. McCauley to engage in questionable transactions but rather, to the contrary, informed her that under

the circumstances she should not transfer funds that might be subject to seizure, that he could not accept any of her money for his legal fee, and rather that her legal defense should be funded by a loan from her parents and that he understood it had been. In brief, I find and conclude that Ms. McGauley's belated claim as to misconduct by Mr. Sullivan was unsupported by credible evidence and appears to be yet a further dimension of her tendency to engage in unsupportable denial of her own criminal culpability.

With respect to the *Santos* claim, I conclude that the decision in that case that the term "proceeds" in the federal money laundering referred to "profits" and not receipt in a prosecution in an illegal gambling operation money did not call into question the conviction for money laundering here where the petitioner's ill-gotten gains from her shoplifting scheme can fairly be characterized as entirely "profits." Putting to one side the fact that Congress promptly enacted legislation[2] effectively overruling and thereby ending any continued vitality to the *Santos* reasoning and without addressing the question whether *Santos* would be applied retroactively for activity before the decision was handed down, a matter that apparently has not been addressed in the First Circuit, I find *Santos* of no assistance to petitioner here.

---

[2] Fraud Enforcement and Recovery Act of 2009, Pub. L. No. 111-21, § 2(f)(1), 123 Stat 1617, 1618 (2009) (codified at 18 U.S.C. § 1956 (c)(9)).

Accordingly, the petitioner's motion under § 2255 is hereby DENIED and the Clerk is directed to terminate that case.

                                        */s/ Douglas P. Woodlock*
                                        DOUGLAS P. WOODLOCK
                                        UNITED STATES DISTRICT JUDGE